UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

November 3, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Dawn D. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-3217-DRM

Dear Counsel:

On October 14, 2024, Plaintiff Dawn D. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 9, 14, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

### I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on January 24, 2021 alleging a disability onset of April 2, 2020. Tr. 271-280. Plaintiff's claims were denied initially and on reconsideration. Tr. 136-157. On November 9, 2023 and March 30, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 42-90. Following the hearing, on April 3, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-41. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Leland Dudek, the Acting Commissioner of Social Security on November 6, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Dawn D. v. Bisignano*
Civil No. 24-3217-DRM
November 3, 2025
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since January 24, 2021, the application date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of systemic lupus erythematous, fibromyalgia, migraines, lumbar radiculopathy, cervicalgia, and major depressive disorder. Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except except the claimant is limited to no climbing of ladders/scaffolds. The claimant is limited to occasional climbing of ramps and stairs, stooping, kneeling, crouching, crawling, and balancing. The claimant is limited to no exposure to hazards such as unprotected heights or dangerous machinery. The claimant is limited to understanding and carrying out detailed, but not complex, instructions. The claimant can use judgment to make simple work-related decisions. The claimant is limited to no work at a specific production-rate pace, as in an assembly line or where work requires hourly quotas. The claimant is limited to occasional interaction with supervisors, coworkers, and the public. The claimant is limited to work requiring only occasional changes in the routine work setting.

Tr. 24. The ALJ determined that Plaintiff had no past relevant work. Tr. 32, 63. The ALJ also determined that the claimant could perform jobs that existed in significant numbers in the national economy, such as Router (DOT[3] #222.587-038), Marker (DOT #209.587-034), and General Office

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of*

*Dawn D. v. Bisignano*
Civil No. 24-3217-DRM
November 3, 2025
Page 3

Helper (DOT #239.567-010). Tr. 33. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32-34.

### III.  LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

On appeal, Plaintiff argues that the RFC is not supported by substantial evidence because it did not include a sit–stand limitation and does not permit meaningful judicial review. Plaintiff states that the ALJ adopted the state agency consultants' limitation of a sit–stand option but failed to incorporate that limitation into the RFC assessment or the hypotheticals posed to the vocational expert, and did not explain its omission, thereby committing reversible error. ECF No. 14 at 1. Specifically, Plaintiff notes that the ALJ found the prior administrative medical findings of W. Hakkarinen, M.D., and M. Sendak, M.D., to be persuasive and discussed their reports generally. ECF No. 14 at 5–6. Plaintiff contends, however, that both consultants "additionally limited" Plaintiff to "periodically alternat[ing] sitting and standing to relieve pain and discomfort," and that this limitation was neither included in the RFC nor presented to the vocational expert. ECF No. 14 at 6. The ALJ ultimately found that Plaintiff could perform three unskilled, light exertional jobs—router, marker, and general office helper—each with a specific vocational preparation ("SVP") level of 2. Tr. 33, 64. ECF No. 14 at 7–8. However, Plaintiff argues that under SSR 83-12, such unskilled, light exertional work typically requires standing or walking for up to six hours per workday and would not ordinarily accommodate a sit–stand option. This alleged inconsistency between the ALJ's reliance on medical opinions endorsing a sit–stand limitation and his supposed failure to incorporate or explain its omission in the RFC or vocational analysis are the basis of Plaintiff's challenge. *Id.*

In response, the Commissioner contends that, as part of an ALJ's RFC determination, the ALJ must consider and provide source-level articulation of all medical opinions, but retains ultimate responsibility for assessing a claimant's functional capacity. ECF No. 16 at 6 (citing 20

---

*Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

C.F.R. § 416.913(a)(2)). The Commissioner asserts that the ALJ is not required to adopt every portion of a medical opinion found to be generally persuasive and that the ALJ's analysis comports with 20 C.F.R. § 416.920(c). ECF No. 16 at 7. In particular, the ALJ noted that Drs. Hakkarinen and Sendak both opined that Plaintiff could perform work at the light exertional level and found their opinions "consistent with and supported by the evidence of record as well as [Plaintiff's] treatment history," including records documenting normal gait and strength. ECF No. 16 at 7–8.

"A limitation that prevents a claimant from either sitting or standing for long periods, but permits a claimant to sit or stand, in total, long enough to endure an eight-hour work day, is known as a 'sit-stand' limitation." *Johnson v. Colvin*, No. 4:15-CV-133-FL, 2016 WL 5338530, at *7 (E.D.N.C. Sept. 23, 2016) (citing *Golini v. Astrue*, 483 Fed. Appx. 806, 807 (4th Cir. 2012)). The presence of a sit-stand limitation does not automatically render a claimant disabled. *See* Golini 483 Fed. Appx. at 808 (denying disability benefits despite claimant's sit-stand limitation). However, "when a claimant exhibits a sit-stand limitation, it is incumbent upon the ALJ, as in all disability determinations, to determine whether jobs are available in the national economy that someone with the claimant's impairments can perform." *Golini*, 483 Fed. at 808 (citing 20 C.F.R. § 404.1512(g)). This is because SSR 83–12 notes that an individual with a sit-stand requirement may not meet the definition of either the sedentary or light work classifications. *Id.* (citing SSR 83–12, 1983 WL 31253, at *4). "Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work." *Id.*

Here, the ALJ's error—whether in failing to incorporate the limitation in the RFC assessment or failing to include it in the hypothetical—warrants remand. By finding the medical opinions persuasive and including a general discussion about the opinions, but disregarding a functional limitation without explanation, the ALJ failed to provide the necessary narrative discussion linking the evidence to the RFC determination. Tr. 28. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (requiring ALJs to build an "accurate and logical bridge" from the evidence to their conclusions). Additionally, because the hypothetical posed to the vocational expert mirrored the RFC, the VE's testimony cannot constitute substantial evidence where the hypothetical omitted a credibly established limitation. Furthermore, the exclusion of a sit-stand option is not harmless. A sit–stand option can reduce the number of available positions by about half. *See, e.g.*, *Martin v. Commissioner*, No. SAG–11–3015, 2012 WL 5511920, at *2 (D. Md. 2012) ("The VE specifically testified that she was cutting the numbers of available positions in half to reflect the number of front desk clerk positions that would accommodate Mr. Martin's need for reduced walking and a sit/stand option."); *Baron v. Astrue*, No. 6:09–cv–00035, 2010 WL 3909926, at *3 (W.D. Va. 2010) ("The VE testified that, although the Dictionary of Occupational Titles ("DOT") does not identify jobs with a sit/stand option, she could nonetheless estimate that, based on her skill, experience, and "what [she saw] in the definition" of the identified jobs, approximately half of the jobs identified would be available with a sit/stand accommodation.").

The Commissioner's argument, grounded in the principle that although ALJs must consider and provide source-level articulation of all medical opinions, they retain ultimate responsibility

*Dawn D. v. Bisignano*
Civil No. 24-3217-DRM
November 3, 2025
Page 5

for assessing a claimant's functional capacity, is not persuasive here. While the ALJ indeed retains ultimate responsibility for assessing a claimant's functional capacity, this discretion does not permit the ALJ to disregard without explanation a material limitation listed in medical opinions the ALJ found persuasive.

Accordingly, the Court concludes that the ALJ's failure to address or include the sit–stand limitation prevents meaningful judicial review and requires remand. On remand, the ALJ should clearly articulate whether the ALJ is including a sit/stand option in her RFC assessment, and, if not, why not. If included, the ALJ should pose a hypothetical to the VE that includes all limitations found in the RFC assessment.

## V.    **CONCLUSION**

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge